IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Teman, Ari
*Plaintiff*

v.

The City of Miami Beach (as "MB"),
The City of Miami Beach Office of the City Attorney,
Miami Dade County
Nahum Joseph, an individual,
Yoe Lopez, an individual,
Woody Clermont, an individual,
Rafael Paz, an individual,
Mayor Daniel Gelber, an individual,
Vice Mayor Steven Meiner, an individual

Judge Kristy M. Nunez, an individual

*Defendants*

INDEX: 23-CV-_____

42 U.S.C. § 1983

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND CONSPIRACY TO COMMIT CIVIL RIGHTS VIOLATIONS



FILED BY _____ D.C.
APR 11 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### EMERGENCY MOTION

Plaintiff makes an emergency motion for the Court to order the Defendants to
 (A) provide defense counsel and
(B) consent to allow Mr. Teman to travel for a period of 3 weeks to visit his ailing mother in Israel.

To wit, Judge Paul Engelmayer and SDNY have agreed that the Defendant is not a flight risk and have allowed him to travel to Australia ( United States v. Teman (1:19-cr-00696) , Dkt. No. 302) and now to Israel (Dkt 343) pending finalization of the details.

However, the bond conditions in the City's misdemeanor case against the Plaintiff do not allow the Plaintiff to leave the jurisdiction, despite their "no jail" stipulation

1

**This also shows that their basis for denying counsel for lack of confinement is bogus -- the Plaintiff is confined despite their claims and cannot even travel out of the area!**

This constitutes an emergency for a number of reasons:

1. Without defense counsel assigned, Plaintiff has no idea or ability to file motions and navigate bond conditions in Miami Beach and the time it will take to learn this will be longer than the time by which the Plaintiff needs to travel to Israel. Defense counsel will have e-file abilities and a knowledge of the bond system and courts.

2. Without defense counsel, Plaintiff has no idea or ability on what appeals issues to raise and how to preserve them. Plaintiff has no idea how to file documents, or where, and has been given no such information or instruction. The arraignment was a Zoom link on a one page mailer with no additional information for self-representation. There is insufficient information and guidance online, and there is not enough time for the defendant to learn the local and state laws to properly defend himself.

3. Defendant has been involved with the Federal Court system for more than three years and is thus familiar with such motions, but has zero experience with local county or state courts and is thus placed at an even deeper unfair disadvantage. Nobody can learn the laws of a state and county within two months, let alone the court practices. This places the defendant at an unfair advantage and he will be unable to defend himself against a misdemeanor charge that already limits his movement.

4. Furthermore, the denial of a public defender is unconstitutional and it is immediately evidence as such because there are immediate issues of confinement and loss of ability to travel to be with family and/or earn a living -- jail effectively, even without the cage.

5. Because the Plaintiff is a comedian and must travel outside the jurisdiction for work, a restriction on this and denial of public defense counsel to argue against it immediately is an *immediate violation of the Plaintiff's First Amendment rights*.

6. If the state is not seeking to confine Mr. Teman, and is using that as a basis to deny counsel, there is no valid reason for bond or travel restrictions, especially when they hold important Court hearings over Zoom.

7. Such conditions without counsel violate *Padilla v Kentucky*, and are a violation of the 4th, 6th, and 14th Amendments to the Constitution. Florida and Miami Dade county law cannot override these rights, and thus denial of counsel is a violation of the Plaintiff's rights and deserves emergency relief.

Plaintiff thus motions respectfully for an order for the Defendants to:

(a) Assign a Public Defender and all such resources to the Plaintiff or in the alternative to fully fund private defense counsel and investigators of the Plaintiff's choosing, and

(b) to eliminate any and all bond conditions restricting travel given there is a "no jail" stipulation.

(c) for Defendants The City of Miami Beach Office of the City Attorney to stipulate to allow Mr. Teman to travel to Israel for a period of 3 weeks over April and May 2023, returning before May 10 2023 to visit his mother before her surgery,

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanction

Respectfully submitted,             APRIL 11, 2023
                                    s/ARI TEMAN/
                                    ARI TEMAN, plaintiff pro se

3