United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ari Teman, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21361-Civ-Scola |
| | ) |
| The City of Miami Beach, et al., | ) |
| Defendants. | ) |

### Order Denying Emergency Motion

    This matter is before the Court on the Plaintiff Ari Teman's ("Teman") emergency motion for the Court to order the Defendants the City of Miami Beach, et al. (collectively, the "Defendants") to (i) provide him defense counsel and (ii) consent to allow Teman to travel for three weeks to visit his mother in Israel. (ECF No. 4.) The Court has considered the motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, the Court **denies** Teman's emergency motion. (**ECF No. 4**.)

    This matter involves Teman's *pro se* claims against the City of Miami Beach, the City of Miami Beach Office of the City Attorney, Miami-Dade County, and others for alleged violations of his civil rights under 42 U.S.C. § 1983 and various amendments of the United States Constitution. Teman filed his emergency motion simultaneously with his complaint. As best the Court can tell from both filings, Teman is aggrieved by events in an underlying, ongoing Florida state court case in which he appears to have been charged with a misdemeanor. (*See, e.g.*, Compl. ¶¶ 15, 18, ECF No. 1 ("In the Plaintiff's case, Mr. Joseph and his team were presented with four (4) independent eye witnesses who issued written and video statements confirming that the Plaintiff did not touch anyone[.]"; "Rather than dismiss the case, they attempted to swindle the Plaintiff into taking a 'Diversion' where he would take a class and the count would be wiped clean."); Mot. 1, ECF No. 4 ("[T]he bond conditions in the City's misdemeanor case against the Plaintiff do not allow the Plaintiff to leave the jurisdiction, despite their 'no jail' stipulation.").) Teman never identifies the underlying state court action. Notwithstanding this, in his emergency motion Teman asks the Court to interfere in that unnamed proceeding to require that he be appointed a public defender and to eliminate any and all bond conditions restricting his travel. (Mot. 2–3, ECF No. 4.)

    To begin, Teman's motion fails to meet the requirements for an emergency motion under Local Rule 7.1(d)(1) in several ways. The rule requires that "[a] filer requesting emergency action . . . must set forth in detail the

nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(1). Teman's motion does none of these things. Although Teman states that his motion "constitutes an emergency for a number of reasons" and includes the Rule's required certification, none of the circumstances he outlines would prevent the court from "provid[ing] meaningful relief to a critical, non-routine issue after the expiration of seven days." *See id.* Moreover, the motion fails to specify a date by which the ruling is needed, much less *why* a ruling is needed by said date. These deficiencies suffice not only to deny the motion, but also to impose sanctions.  *See id.* ("The unwarranted designation of a motion as an emergency motion may result in sanctions.").

Furthermore, Teman's motion is deficient on the merits in numerous ways. Perhaps most significantly, Teman fails to cite any authority in support of his requested relief. In other words, he provides zero legal support for why the Court has the authority to interfere with the underlying Florida state court action or for why, if that authority exists, it should be exercised in this case. The circumstances in which federal district courts can meddle in state proceedings are quite limited. "As the Eleventh Circuit has explained, '[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings.'" *Moultrie v. Pensacola Police Dep't*, No. 3:21cv1052-LC-HTC, 2021 U.S. Dist. LEXIS 245249, at *4 (N.D. Fla. Oct. 29, 2021) (quoting *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014)), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 244794 (N.D. Fla. Dec. 23, 2021).

Here, Teman's filings provide little to no information as to the state court proceeding at issue. Thus, the Court cannot conclude that its interference in that unidentified proceeding is either allowed or merited. *See, e.g., Macleod v. Scott*, No. 3:14-cv-793-J-39MCR, 2015 U.S. Dist. LEXIS 90686, at *14 (M.D. Fla. Jan. 14, 2015) ("In short, Plaintiff here asks this Court to compel certain state officers to protect his right to a trial by jury in an underlying state-court proceeding and/or to vacate a State Court Order declaring Plaintiff to be a vexatious litigant. This Court has no jurisdiction to order either."); *Meier v. Deutsche Bank Tr. Co. Ams.*, No. 2:09-cv-169-FtM-29SPC, 2010 U.S. Dist. LEXIS 40171, at *4 (M.D. Fla. Apr. 23, 2010) ("To the extent that plaintiffs are seeking relief from this Court in conjunction with pending litigation in state court, this Court has no authority to interfere in such matters.").

Accordingly, the Court **denies** Teman's emergency motion. (**ECF No. 4**.) The Court reminds Teman that he must comply with the requirements of the Local Rules and the Court's orders in the filing of any future motion.

Finally, the Court directs the Clerk to **mail copies of this order** to Teman at the address listed below.

**Done and ordered** in Miami, Florida on April 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge


Copies to: *Pro Se* Litigant Ari Teman
1521 Alton Road #888
Miami Beach, FL 33139