IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



| | |
|---|---|
| Teman, Ari<br>*Plaintiff*<br><br>v.<br><br>The City of Miami Beach (as "MB"),<br>The City of Miami Beach Office of the City Attorney,<br><br>Miami Dade County<br><br>Nahum Joseph, an individual,<br>Yoe Lopez, an individual,<br>Woody Clermont, an individual,<br>Rafael Paz, an individual,<br><br>Mayor Daniel Gelber, an individual,<br>Vice Mayor Steven Meiner, an individual<br><br>Judge Kristy M. Nunez, an individual<br><br>STATE OF FLORIDA,        )<br>ELEVENTH CIRCUIT COURT,<br><br><br>*Defendants* | INDEX: 23-CV-21361<br><br>42 U.S.C. § 1983<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND CONSPIRACY TO COMMIT CIVIL RIGHTS VIOLATIONS |

## MOTION FOR PERMISSION TO FILE DOCUMENTS VIA ELECTRONIC CASE FILING (ECF) SYSTEM

1. COMES NOW the Plaintiff, Ari Teman, proceeding pro se, and respectfully moves this Court for an Order granting permission to file documents via the Electronic Case Filing (ECF) system, and in support thereof, states as follows:

2. The Plaintiff is a pro se litigant in the above-captioned case.

3. Currently, the Plaintiff is required to print, travel, go through security, wait in lines, and submit paper copies of documents to the Court for filing, which are then scanned and

uploaded to the Court's docket. This process is time-consuming, costly, and results in subpar scanned copies of documents presented to the public, the Court, and potentially, the jury.

4. On the other hand, parties represented by counsel are permitted to scan and upload documents directly to the Court's docket via the ECF system, which is a more efficient, cost-effective, and environmentally friendly method of filing.

5. The disparate treatment of pro se litigants and represented parties with respect to access to the ECF system places an undue burden on pro se litigants, impeding their ability to litigate their cases effectively and efficiently.

6. While there may or may not be specific case law directly on point regarding the denial of ECF access as a violation of Equal Protection, the principles of fairness and equal access to the courts are fundamental to the U.S. Constitution. See, e.g., Boddie v. Connecticut, 401 U.S. 371 (1971) (holding that the Due Process Clause requires that indigent litigants have access to the courts).

7. Allowing pro se litigants access to the ECF system would promote the efficient administration of justice and help ensure that all parties are treated fairly and equally under the law, regardless of their ability to afford counsel.

8. Furthermore, other federal courts have granted pro se litigants access to the ECF system upon motion, recognizing the importance of equal access to court resources. See, e.g., United States District Court for the District of Arizona, General Order 18-21 (July 18, 2018) (providing guidelines for pro se litigants to obtain ECF access upon request).

9. In fact, Judge Paul A. Engelmayer (SDNY) has granted the Plaintiff ECF permission to file documents in his court. Therefore, it is clear that it is both possible and permissible to allow Mr. Teman to file documents via ECT.

10. In the alternative, and in the meantime, the Court should issue an order directing the Clerk to accept email submissions of PDF files from the Plaintiff, so that the plaintiff does not have to print, travel, wait through security, wait on line, and wait for a copy to be scanned, and suffer the subpar uploads which are not as easily searchable. It would also save the Clerk of the court the time and trouble of scanning documents, because they can simply upload the already-prepared PDFs.

11. Furthermore, the plaintiff may be traveling to Israel and/or New York, and would be required to pay someone to do the above activities, which is another unfair burden on one party that represented parties (as many of the Defendants must be, as many are corporations or municipalities) do not face.

12. WHEREFORE, the Plaintiff respectfully requests that this Court grant permission to file documents via the Electronic Case Filing (ECF) system and provide any necessary training or guidance on using the system, and grant any other relief the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of April, *2023*, I personally filed the foregoing document with the Clerk of the Court, who will then upload it using the CM/ECF system, which sends notification of such filing to all counsel of record.

Respectfully submitted,

Ari Teman

Plaintiff, Pro Se

1521 Alton Road, #888

Miami Beach, FL 33139