IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.
APR 14 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| Teman, Ari<br>*Plaintiff*<br><br>v.<br><br>The City of Miami Beach (as "MB"),<br>The City of Miami Beach Office of the City Attorney,<br><br>Miami Dade County<br><br>Nahum Joseph, an individual,<br>Yoe Lopez, an individual,<br>Woody Clermont, an individual,<br>Rafael Paz, an individual,<br><br>Mayor Daniel Gelber, an individual,<br>Vice Mayor Steven Meiner, an individual<br><br>Judge Kristy M. Nunez, an individual,<br><br>ELEVENTH CIRCUIT COURT of the STATE OF FLORIDA,<br>STATE OF FLORIDA,<br><br>*Defendants* | INDEX: 23-CV-21361<br><br>42 U.S.C. § 1983<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND CONSPIRACY TO COMMIT CIVIL RIGHTS VIOLATIONS |

**MOTION TO AMEND COMPLAINT TO ADD DEFENDANTS and MOTION TO RECUSE**

1. COMES NOW the Plaintiff, Ari Teman, proceeding pro se, and respectfully moves this Court for leave to amend the Complaint in the above-captioned case to add the Eleventh Circuit Court and the State of Florida as Defendants, and in support thereof, states as follows:

2. On April 11, 2023, the Plaintiff filed a Complaint in the United States District Court for the Southern District of Florida, which named the above parties, including Judge Kirsty M. Nunez and Miami Dade County as Defendants.

3. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires.

4. The Plaintiff seeks to add the Eleventh Circuit Court and the State of Florida as Defendants because they are necessary parties to the present litigation for the following reasons: The policy to deny counsel to indigent defendants not facing a jail sentence via a "no jail stipulation" is the police of multiple parties working together (conspiring in the legal definition), the State, Miami Dade County, Miami Beach, the Eleventh Circuit Court, and the individual prosecutors and judges to pursue this strategy, some of whom are named as defendants due to their specific roles in the misdemeanor case charged against the Plaintiff. Florida State and the Eleventh Circuit are complicit in this alleged violation of civil rights, denying over 40,000 people the right to counsel.

5. However, it should be noted that staff for Governor DeSantis stated they were unaware of this issue and that they are looking into it. To be clear, this policy appears to pre-date Governor DeSantis' term, and seems to have been in effect even when Your Honor was a judge in the Eleventh Circuit.

6. The addition of these Defendants will not prejudice the existing Defendants, nor with a change of Judge, as this case is still in its early stages, and the new parties' inclusion will promote judicial economy and the efficient resolution of the dispute.

7. The proposed amendment is not the result of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by previous amendments, as this is the Plaintiff's first request to amend the Complaint.

## Recusal is therefore appropriate to avoid any appearance of lack of impartiality

8. The presiding judge, the Honorable Judge Robert N. Scola, Jr, previously served as a judge on the Eleventh Circuit in Florida.  ( https://www.fjc.gov/history/judges/scola-robert-nichols-jr ; 1995-2011 )

9. Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

10. The Supreme Court held in Liteky v. United States, 510 U.S. 540 (1994), that the standard for recusal under § 455(a) is an objective one, requiring that a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

11. The Plaintiff contends that a reasonable person with knowledge of all the facts would question Judge Judge Robert N. Scola, Jr's impartiality in presiding over a civil rights case against the Eleventh Circuit Court and other Eleventh Circuit judges, given his prior service on the Eleventh Circuit.

12. Furthermore, given the widespread practice of the Eleventh Circuit, the Plaintiff asserts that Judge Robert N. Scola, Jr, certainly may have in his six-year career at the Eleventh Circuit, committed the same acts for which the Plaintiff is filing a civil rights suit against another judge in the *same* circuit. In such circumstances, a reasonable person might question whether the presiding judge can be impartial in adjudicating the Plaintiff's claims, given the Plaintiff's victory would mean Your Honor may have denied the civil rights of many defendants before him in the Eleventh Circuit.

13. The Plaintiff submits that, in the interest of justice and to ensure public confidence in the integrity and impartiality of the judicial process, recusal of Judge Robert N. Scola, Jr is warranted in this case.

14. By the same token, the Defendant concedes in advance that this case should obviously not be overseen by a Judge who was previously an indigent defendant denied a public defender.

15. The Plaintiff therefore respectfully requests that the Court recuse itself and that no Judge who served on the Eleventh Circuit and oversaw criminal matters preside over this case, nor any Judge who was an indigent defendant denied a public defender by a Judge on the Eleventh Circuit.

16. The defendant reiterates that this is absolutely nothing personal against Your Honor, and not at all a statement about Your Honor personally in any way, but simply a category-based argument that a case against the Eleventh Circuit and an Eleventh Circuit judge should be adjudicated by a Judge who was not an Eleventh Circuit Judge in their previous role.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of April, 2023, I personally filed the foregoing document with the Clerk of the Court, who will then upload it using the CM/ECF system, which sends notification of such filing to all counsel of record.

Respectfully submitted,

Ari Teman

Plaintiff, Pro Se

1521 Alton Road, #888

Miami Beach, FL 33139