IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY_____ D.C.

APR 14 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Teman, Ari
*Plaintiff*

v.

The City of Miami Beach (as "MB"),
The City of Miami Beach Office of the City Attorney,

Miami Dade County

Nahum Joseph, an individual,
Yoe Lopez, an individual,
Woody Clermont, an individual,
Rafael Paz, an individual,

Mayor Daniel Gelber, an individual,
Vice Mayor Steven Meiner, an individual

Judge Kristy M. Nunez, an individual

STATE OF FLORIDA,                                      )
ELEVENTH CIRCUIT COURT,

*Defendants*

INDEX: 23-CV-21361

42 U.S.C. § 1983

COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS AND CONSPIRACY
TO COMMIT CIVIL RIGHTS
VIOLATIONS

## EMERGENCY MOTION FOR ORDER DIRECTING THE ELEVENTH CIRCUIT COURT TO APPOINT A PUBLIC DEFENDER

COMES NOW the Plaintiff, Teman, proceeding pro se, and respectfully moves again, this time with case law citations this Court to issue an Emergency Order directing the Eleventh Circuit Court to appoint a Public Defender to represent the Plaintiff in a pending misdemeanor case, and in support thereof, states as follows:

1. The Plaintiff faces the risk of changes to bond conditions in his SDNY case (US v Teman, 1:19-cr-00696) resulting from any possible misdemeanor conviction in the Eleventh Circuit Court of Florida.

2. Under the Sixth Amendment to the United States Constitution, all defendants are entitled to the assistance of counsel for their defense in criminal prosecutions. Gideon v. Wainwright, 372 U.S. 335 (1963).

3. The Supreme Court held in Argersinger v. Hamlin, 407 U.S. 25 (1972), that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as a petty, misdemeanor, or felony, unless they were represented by counsel at trial.

4. Even with a "no jail stipulation," a person convicted of a misdemeanor could be severely harmed. For example, collateral consequences such as limitations on employment opportunities, housing, and professional licenses may arise. Padilla v. Kentucky, 559 U.S. 356 (2010).

5. The Supreme Court in Pate v. Robinson, 383 U.S. 375 (1966), held that a criminal defendant has a constitutional right to a hearing on mental competency if there is sufficient doubt as to the defendant's fitness to stand trial. An unrepresented defendant may not be able to raise this issue adequately, and the state may not be able to determine the defendant's fitness to stand trial without representation. Furthermore, the state has an incentive, financial and personal (prosecutors care about "conviction rates", looking good in the press for getting a conviction, etc.) to ignore obvious signs of mental illness (temporary or permanent), or other lack of capacity for a defendant to self-represent. As well, a mentally ill person can often not tell they are unwell, so it cannot be on the Defendant to determine if he is fit to stand trial.

6. In this instance for example, the defendant was in severe neck and back pain from being assaulted by a Mr. Jesse Kats, a state witness who admitted on BWC footage that he did not see Mr. Teman hit anyone but then charged at Mr. Teman at high speed and body slammed

him (See transcript of BWC footage in Filing #170969647 for case #B23004803 in the 11th Circuit), and could not sleep through the night for weeks. Sleep deprivation is a serious condition which renders a person unable to think clearly and make sound decisions. Someone deprived of sleep to an extreme extent due to injuries from an assault so severe that a witness called an ambulance should not be forced, while in severe pain and sleep deprived, to represent himself. It should be obvious that the defendant in that matter, the Plaintiff here, is in no state to be able to handle this additional burden while recovering.

7. Bond conditions may be revoked, and a defendant may be incarcerated if they violate the terms of their release. The appointment of counsel would ensure the defendant's due process rights are protected in such circumstances. See United States v. Salerno, 481 U.S. 739 (1987).

8. Federal District Courts have ordered state or local courts to assign counsel to defendants in the past. See, e.g., Gideon v. Cochran, 203 F. Supp. 657 (N.D. Fla. 1962) (ordering the state court to appoint counsel for the indigent defendant), aff'd sub nom. Gideon v. Wainwright, 372 U.S. 335 (1963).

**Additional Case Law Citations**

9. Argersinger v. Hamlin, 407 U.S. 25 (1972) - Supreme Court case extending the right to counsel to indigent defendants in misdemeanor cases where imprisonment is a possible punishment. Again, in this case, the Defendant who is on Bond Pending Appeal could have bond conditions revoked or modified, or have probation (should he not prevail in his appeal, though he is sure he will) modified to extend incarceration. As this is being draft, the SDNY judge is deciding if this misdemeanor case should result in Mr. Teman being denied permission to travel to his family, another form of physical confinement. Being denied the right to travel internationally, as Mr. Teman has requested and has been previously given permission to do so, is effectively a

reverse deportation, where the misdemeanor case causes Mr. Teman to be unable to leave the country freely. Here again the logic of *Padilla v Kentucky* must be applied and counsel granted.

10. Douglas v. California, 372 U.S. 353 (1963) - Supreme Court case that held that indigent defendants have a right to counsel on their first appeal as a matter of equal protection. Because a non-lawyer cannot possible learn and know which issues to raise and preserve for appeal in the time between an arrest and arraignment, and even a trial within the Speedy Trial rules, denying a defendant counsel from the outset is to permanently harm their appeal and even prevent issues from being appealable. If a defendant is entitled to counsel for an appeal, they must be entitled to one for the preceding trial if only for the purpose of preserving issues for appeal!

11. In re Gault, 387 U.S. 1 (1967) - Supreme Court case establishing that juveniles in delinquency proceedings have the right to counsel under the Due Process Clause of the Fourteenth Amendment. If a Juvenile, whose record will be expunged and held confidential after they reach adulthood, is afforded counsel, then surely someone for whom a conviction may remain on their record and in the media for their lifetime should be afforded the protection of counsel.

12. U.S. ex rel. Smith v. Baldi, 344 U.S. 561 (1953) - Supreme Court case that reaffirmed that an indigent defendant is entitled to the appointment of counsel in a state court.

13. Evitts v. Lucey, 469 U.S. 387 (1985) - Supreme Court case that held that the right to counsel includes the right to effective assistance of counsel on appeal. An appeal attorney *cannot give effective assistance* if they cannot raise issues which should have been raised at the trial. or pretrial or post-trial hearings. Again, because it is the Constitutional right of a defendant

14. Halbert v. Michigan, 545 U.S. 605 (2005) - Supreme Court case that held that indigent defendants who plead guilty have a right to appointed counsel for their first appeal.

15. It is clear that without adequate counsel, a defendant cannot know the possible consequences of a plea or any decision, and as Judge Nunez herself stated today, 4/14/2023 to another

defendant who was a non-citizen, the Judge cannot offer legal advice. Therefore, there is nobody in the courtroom representing the interests of the defendants who can advise them on implications of pleas or other decisions without them being assigned counsel when they cannot afford it.

**This is an Emergency because the defendant is losing time to have a public defender gather evidence and prepare for trial**

16. If the defendant prevails, as he should in being appointed a public defender, then he will have lost the time until he prevails to have said Public Defenders office use investigators and other staff and team to investigate and prepare for a trial, which is occuring in less than two months. The Defendant is not skilled in the law, as Your Honor has already demonstrated by rejecting the previous emergency motion over basics such as failure to cite case law. Your Honor proves the Plaintiff's point. A plaintiff cannot represent themselves fairly in court, and certainly should be forced to do so in a criminal defense case, especially one where bond conditions and possible parole conditions could be effects, and especially where there are other civil rights issues at-hand such as the police using statements about "the Jewish community" to convince witnesses to change their mind into pressing charges against the Jewish defendant. To quote from the BWC footage provided after Mr. Teman provided Defendant Nahum Joseph with a copy of this Civil Rights suit:

12:09 MBPD OFFICER RODRIGUES: You made it an issue today

12:15: RODRIGUES: But the law isn't fair and you know…

12:20 WITNESS KATS: **I just don't want to be put into a position where I'm going to be charged with something**

RODRIGUES: I know. But unfortunately, and I mean, we're talking on camera, but you know, it's like… I don't think it will turn into… I mean I'm hoping right

KATS: Me either. But I'm afraid he's [Teman] going to find something.

RODRIGUES: But he [Teman] won't speak to us…. **And that community…the Jewish community. They have their own.**

[The BWC clip is suddenly and abruptly ended without any explanation.]

17. As well:

KATS: I charged him [Teman] and they [Kats' necklaces] broke

…

**MBPD OFFICER RODRIGUES  (13:03): It would help if she wanted to press charges. You know what I'm saying?**

KATS: We'll see what's going to happen

KATS: Isa, do you want to press charges?

SIBLESZ: It will help you? [Siblesz pointing to Katz (13:16)]

**2nd MALE CROSSFITTER: Because he's [Teman is] going to.**

KATS: If something rolls around, you know…

2nd Male CrossFitter (to Pasquale the Caffe Umbria Owner): "You're the owner, you know our position… **but we have to protect him (pointing to Kats) because you know.**

Cafe Owner: Yeah, yeah, yeah, no, no, no.

2nd Male CrossFitter: "That's a lot of people not coming to the coffee shop anymore."

**MBPD OFFICER REISGO:** It doesn't show him [Ari] pushing… but the story… as long as the story is consistent

18. WHEREFORE, Plaintiff, Teman, respectfully requests that this Court issue an Emergency Order directing the Eleventh Circuit Court to appoint a Public Defender to represent the Plaintiff in the pending misdemeanor case and grant any other relief the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of April, 2023, I personally filed the foregoing document with the Clerk of the Court, who will then upload it using the CM/ECF system, which sends notification of such filing to all counsel of record.

Respectfully submitted,

Ari Teman

Plaintiff, Pro Se

1521 Alton Road, #888

Miami Beach, FL 33139