United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ari Teman, Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 23-21361-Civ-Scola<br>) |
| The City of Miami Beach, et al.,<br>Defendants. | )<br>) |

### Order Dismissing Case

  This matter is before the Court upon an independent review of the record. On May 2, 2023, the Court issued an order directing the Plaintiff Ari Teman ("Mr. Teman") to **show cause** on or before **May 9, 2023**, as to why (i) he has failed to pay the required filing fee or file a renewed petition to proceed *in forma pauperis* and (ii) he has failed to file his amended complaint within the deadline required by the Court. (ECF No. 17.) Mr. Teman had previously neglected to pay the requisite filing fees or file a satisfactory application to proceed *in forma pauperis*. (ECF No. 14.)  In addition, on Mr. Teman's motion, the Court had granted him up to and including April 27, 2023, in which to file an amended complaint. (ECF No. 15.) The Court's order to show cause warned that failure to comply could result in dismissal of the matter for failure to prosecute and failure to obey court orders. However, in spite of the order, as of this date, Mr. Teman has not filed a new motion to proceed *in forma pauperis*, paid the requisite filing fees, or filed an amended complaint as requested. It therefore appears that Mr. Teman has abandoned his prosecution of this case.

  A district "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "*Sua sponte* dismissal is authorized under both Rule 41(b) and the court's inherent powers." *Chinweze v. Bank of Am., N.A.*, 782 F. App'x 972, 977 (11th Cir. 2019) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Since "dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt  (contumacious conduct); and (2) the district court  specifically  finds  that  lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (citing *World Thrust*). However, "[g]enerally, where, as here, the litigant has been forewarned, dismissal

for failure to obey a court order is not an abuse of discretion." *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

In this case, Mr. Teman has ignored repeated orders from this Court regarding both his outstanding filing fees and the filing of his amended complaint. Moreover, the Court notes that the same week Mr. Teman initiated this action, he filed two separate emergency motions seeking the same relief which completely failed to meet the requirements for an emergency motion under Local Rule 7.1(d)(1). In denying those motions, the Court also warned Mr. Teman that "continually failing to abide by the Court's rules and orders w[ould] ultimately result in sanctions." (*See* ECF No. 12.)  As such, Mr. Teman has demonstrated a clear pattern of delay or willful contempt.  In response to this contempt, dismissing Mr. Teman's claims is the only adequate sanction, as lesser sanctions would not suffice.  Monetary sanctions, for example, could not ensure that Mr. Teman prosecutes this case.  Monetary sanctions would merely punish him without actually accomplishing the goal of the Court's orders, namely to move this case forward.  In addition, in light of Mr. Teman's previous indifference to the Court's orders, and the local rules of this Court, it is doubtful whether an order requiring monetary sanctions would have any effect at all.  The only adequate sanction is to dismiss this case without prejudice, allowing Mr. Teman to prepare his case and re-file it, if and when he is prepared to go forward.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **dismissed without prejudice** in light of Mr. Teman's failure to comply with this Court's orders and his failure to prosecute this action. The Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on May 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

Copies to: *Pro Se* Litigant Ari Teman
1521 Alton Road #888
Miami Beach, FL 33139